IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAERSK, INC., et al.,                    *

    Plaintiffs                            *

v.                                        *    Civil Action No.: L 97-3907

DONALD McCRANK,                          *

    Defendant.                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PETITION FOR DISCLOSURE AND FOR PROTECTIVE ORDER

    Plaintiffs Maersk, Inc. ("Maersk") and Pamela McGee Taylor, hereby petition this Court for an Order permitting the disclosure of certain information protected under the Privacy Act of 1974, pursuant to 5 U.S.C. § 552a(b)(11), and for an appropriate Protective Order relating thereto. In support of their petition, Plaintiffs state as follows:

    1.    On November 18, 1997, Plaintiffs commenced this action, claiming, among other things, that, despite Florida criminal court orders of protection and a multi-year Federal Bureau of Investigation ("FBI") investigation, Defendant Donald McCrank has sent numerous defamatory and harassing communications to Mrs. Taylor and to several of Maersk's offices. Mr. McCrank interposed counter-claims, alleging that he was never investigated by the FBI and that Plaintiffs were, in fact, defaming him by claiming otherwise.

    2.    On December 2, 2002, the Court ordered the parties to submit a written status report regarding any criminal investigation against Mr. McCrank. A copy of the December 2, 2002 Court order is annexed hereto as "Exhibit 1."

# 213290 MWO
011056-0000

3. On February 6, 2003 Mr. McCrank submitted a "motion for summary judgment," in which he alleged that "I have never been the subject of any investigation conducted by the FBI nor have I ever been of any investigative interest to the Federal Bureau of Investigation." A copy of Mr. McCrank's February 6, 2003 "motion for summary judgment" is annexed hereto as "Exhibit 2." *See* Exhibit 2, p. 1, paragraph 2.

4. Attached to Mr. McCrank's February 6, 2003 letter is an August 23, 2000 letter Mr. McCrank apparently received from FBI Headquarters in response to a Freedom of Information Act ("FOIA") request Mr. McCrank made. A copy of the August 23, 2000 letter from John M. Kelso of the FBI to Mr. McCrank is annexed hereto as "Exhibit 3."

5. While that letter indicates that Mr. McCrank has never been the subject of investigation by FBI Headquarters, *see* Exhibit 3, paragraph 2, upon information and belief Mr. McCrank has been the subject of investigation by FBI agents in the Baltimore and Jacksonville offices. Indeed, on information and belief, Mr. McCrank also sent FOIA requests to the Baltimore and Jacksonville offices of the FBI, not just to FBI Headquarters, as implied by his February 6, 2003 letter.

6. Accordingly, in an attempt to secure the information requested in the Court's December 2, 2002 Order, Plaintiffs' counsel issued subpoenas to FBI Headquarters and to the Baltimore and Jacksonville offices of the FBI, dated March 26, 2003, seeking disclosure of:

> Any and all documents related to the . . . Freedom of Information Act ("FOIA") requests made by Donald Joseph McCrank involving Maersk, Inc., Pamela McGee Taylor, and others . . . including, but not limited to Mr. McCrank's original requests, and any and all correspondence Mr. McCrank received in response to those requests.

# 213290 MWO
011056-0000

2

Copies of those subpoenas are annexed hereto as "Exhibit 4." The subpoenas directed disclosure of relevant documents by April 9, 2003.

7.      After communications with Assistant United States Attorney for the District of Maryland, Michael A. DiPietro ("AUSA DiPietro"), during which AUSA DiPietro indicated that he was coordinating the responses to Plaintiffs' subpoenas for FBI Headquarters and for the Jacksonville office, as well as for the Baltimore office, Plaintiff's counsel supplemented their subpoenas pursuant to 28 CFR §§ 16.21-16.29, with an affidavit dated April 3, 2003. A copy of the April 3, 2003 affidavit, and all the annexed exhibits, is annexed hereto as "Exhibit 5."

8.      In response to Plaintiffs' counsel's March 28, 2003 subpoenas and to the April 3, 2003 affidavit, AUSA DiPietro sent Plaintiffs' counsel a letter dated April 11, 2003. A copy of that letter is annexed hereto as "Exhibit 6."

9.      In that letter, AUSA DiPietro indicated that he has received information responsive to the subpoenas from the Baltimore office of the FBI. *See* Exhibit 6, page 2. In other words, despite the statements made by Mr. McCrank in his February 6, 2003 "summary judgment motion," Mr. McCrank has apparently submitted a FOIA request to the FBI's Baltimore office, and received responsive documents because the FBI's Baltimore office has a file on Mr. McCrank. AUSA DiPietro also indicated in the April 11, 2003 letter that the FBI's Jacksonville office may have it's own file on Mr. McCrank. *Id.*

10.     Significantly, AUSA DiPietro stated that, due to Privacy Act concerns, and considering that the Plaintiffs' March 28, 2003 subpoenas seek information that would constitute "'a collection of information about an individual' protected by the Privacy Act," a

court order is required to secure disclosure of the documents. *Id.*; *see also* 5 U.S.C. § 552a(a)(4) (defining "record"); and § 552a(b)(11) (disclosure of a "record" containing personally identifiable information is prohibited without a court order).

11. The Court would benefit by the disclosure of the information sought by Plaintiffs in their March 28, 2003 subpoenas because the disclosure would establish the truth or falsity of the statements made by Mr. McCrank in his February 6, 2003 letter, and in other documents before the Court, that he is not and has not been the subject of any FBI investigation, and thus would satisfy the dictates of the Court's December 2, 2002 Order.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant this petition and enter an Order in the form attached hereto authorizing disclosure of Privacy Act protected material subject to the limitations contained herein.

Dated: April 28, 2003

/s/
_____
Matthew W. Oakey, Esquire
 Bar No. 10764
Gallagher Evelius & Jones, LLP
Attorneys for Plaintiffs
The Park Charles, Suite 400
218 N. Charles Street
Baltimore, MD 21201
(410) 727-7702

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAERSK, INC., et al.,** | * | |
| **Plaintiffs** | * | |
| v. | * | Civil Action No.: L 97-3907 |
| **DONALD McCRANK,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF FILING OF LENGTHY EXHIBIT</u>**

Exhibits 1-6, which are attachments to Petition for Disclosure and for Protective Order Exist only in paper format and if scanned will be larger than 1.5 MB. They will be filed with the Clerk's office in paper format.

I certify that within 24 hours of the filing of this Notice, I will file and serve paper copies of the document identified above.

April 28, 2003

                     _____/s/_____
                     Matthew W. Oakey, Esquire
                      Bar No. 10764
                     Gallagher Evelius & Jones, LLP
                     Attorneys for Plaintiffs
                     The Park Charles, Suite 400
                     218 N. Charles Street
                     Baltimore, MD 21201
                     (410) 727-7702

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAERSK, INC., et al.,** | * | |
| **Plaintiffs** | * | |
| v. | * | Civil Action No.: L 97-3907 |
| **DONALD McCRANK,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this, 28th day of April, 2003, a copy of the foregoing Petition for Disclosure and proposed Order, which was electronically filed in this case on April 28, 2003, was served, via first-class mail, postage prepaid, and via first-class, certified mail, return receipt requested (#7001 0320 0006 0050 1029) to:

>Mr. Donald McCrank
>6F Viewridge Drive
>Baltimore, MD 21236
>*pro se* Defendant & Counter-Plaintiff

and a copy of the foregoing Petition for Disclosure and proposed Order was served via hand delivery to:

>Baltimore office of the United States Attorney
>for the District of Maryland
>6625 United States Courthouse
>101 West Lombard Street
>Baltimore, MD 21201-2692
>ATTN: Michael A. DiPietro, Esquire

>_____/s/_____
>Matthew W. Oakey

# 213290 MWO
011056-0000

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAERSK, INC., et al.,** | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: L 97-3907 |
| **DONALD McCRANK,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER PERMITTING DISCLOSURE AND LIMITED USE OF RECORDS PROTECTED BY THE PRIVACY ACT OF 1974

Having considered Plaintiffs' Petition for disclosure of records protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and a Protective Order pursuant to FRCP 26(c)(7), it is on this ____ day of _____, 2003, hereby ORDERED that:

1. The Federal Bureau of Investigation ("FBI"), as coordinated through the Baltimore office of the United States Attorney for the District of Maryland, shall provide this Court, for *in camera* inspection, copies of any and all documents in the files of FBI Headquarters and in the Baltimore and Jacksonville offices of the FBI related to Donald Joseph McCrank, the Defendant and Counter-Plaintiff in this action, on or before May 19, 2003.

2. The FBI, as coordinated through the office of the United States Attorney for the District of Maryland, shall also provide Plaintiffs, through counsel, and Donald Joseph McCrank *pro se*, with documents responsive to the Plaintiffs' March 28, 2003 subpoenas, which documents may contain records protected by the Privacy Act of 1974, on or before

# 213290 MWO
011056-0000

May 19, 2003. 5 U.S.C. § 552a. Any documents already sent to Donald Joseph McCrank by the FBI in response to any Freedom of Information Act ("FOIA") request made by him are to be disclosed in the exact same form as they were initially disclosed to Donald Joseph McCrank, including any and all redactions.

3.  Any information produced by the FBI pursuant to paragraph 2 shall not be made public by Plaintiffs or by Defendant except at trial of this action or in court filings in this action which are made under seal in accordance with Local Rule 105.11. Furthermore, no other individuals, save Plaintiffs' counsel, shall be given access to these documents, or to the information contained therein.

4.  Any information filed or served which is subject to this Protective Order shall be clearly marked "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**"

5.  This Order shall not be deemed a waiver of any objections the parties may have to the introduction or use of said materials at trial made pursuant to the Federal Rules of Evidence.

6.  Plaintiffs' counsel shall be responsible for timely serving a copy of this order on the Baltimore office of the United States Attorney for the District of Maryland.

                                                           The Honorable Benson Everett Legg
                                                           United States District Judge
                                                           District of Maryland