**GALLAGHER**

**EVELIUS & JONES** LLP

ATTORNEYS AT LAW

MATTHEW W. OAKEY
moakey@gejlaw.com
direct dial: 410 347 1359
fax: 410 837 0454

May 5, 2003

The Honorable Benson Everett Legg
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, MD  21201

      Re:    *Maersk, Inc. and Pamela McGee Taylor v. Donald McCrank*
             **Civil Action No. L-97-3907**

Dear Judge Legg:

      Mr. McCrank's April 29, 2003 letter/motion presents the strongest argument for the Court granting Plaintiffs' Petition for Disclosure and executing the proposed order. We could dissect the entire letter and address all of the inaccuracies and inconsistencies contained therein, but in the interest of economy, we discuss only the most important points herein.

      First, Mr. McCrank misstates the contents of his February 6, 2003 letter/motion. In that letter his position was he had never been the subject of investigation by the FBI. In support of that position he attached a copy of an August 23, 2000 letter he received from FBI Headquarters in Washington, DC. What he hid from the Court, however, is that he received information and documents from both the Baltimore, MD and Jacksonville, FL offices of the FBI that apparently confirmed he has been the subject of open FBI files in both of those offices. Mr. McCrank admitted as much in his April 29, 2003 letter/motion.

> Attorneys for Maersk are seeking correspondence between myself and the FBI [sic] responses to my requests for information regarding the investigation the Court ordered . . . This correspondence was made on behalf of myself, seeking to obtain information regarding myself and this so called investigation Maersk demanded.

(Donald J. McCrank April 29, 2003 letter, p. 1, paragraph 6)

\# 213961 MWO
011056-0000

**GALLAGHER**
**EVELIUS & JONES** LLP
ATTORNEYS AT LAW

The Honorable Benson Everett Legg
May 5, 2003
Page -2-

      Although Mr. McCrank indicates that the information and documents he received exonerates him, he does not establish this contention by providing the documents. Moreover, as noted, Mr. McCrank saw fit to keep the existence of that information and those documents hidden from the Court until Plaintiffs unearthed the true facts in their attempt to provide the Court with a status report of Mr. McCrank's dealings with the FBI, in compliance with the Court's December 2, 2002 Order.

      Second, in the last paragraph on page 2 of his April 29, 2003 letter/motion, Mr. McCrank makes the surprising claim that he never sent the documents annexed as "Exhibit A" to my April 3, 2003 attorney declaration (Exhibit 5 to Plaintiffs' Petition for Disclosure, dated April 28, 2003). What's more, he claims his initials on those documents mean only that, in the words he ascribes to FBI Special Agents Frank Watt and Eric Karandy, the FBI "'can say we showed them to you'" (Donald J. McCrank April 29, 2003 letter, p. 2, last paragraph). That story stands in sharp contrast to the FBI investigative report dated June 4, 1996.

> He once again denied having any correspondence with Maersk other than the one letter he sent to the president of the Company in 1993. McCrank was then shown copies of documents mailed or faxed to Maersk Shipping and its employees dating from 5/21/94 to 4/23/96. <u>After reviewing the documents McCrank admitted to sending each one of them. He acknowledged the authorship of the documents by initialing and dating each one.</u> (emphasis added)

(Exhibit A to Oakey April 3, 2003 attorney declaration (Exhibit 5 to Plaintiffs' Petition for Disclosure, dated April 28, 2003), p. 1)

      Accordingly, as Plaintiffs concluded when they first issued the subpoenas in March 2003, to ensure the Court receives accurate and complete information regarding Mr. McCrank's dealings with the FBI as contemplated by the Court's December 2, 2002 Order, it is clearly necessary to get the information directly from the FBI. Pursuant to the Federal Privacy Act, 5 USC § 552a, and 28 CFR §§ 16.21-16.29, the only way to obtain the subpoenaed information and documents, and thereby satisfy the Court's December 2, 2002 Order, is by court order directing said disclosure by the United States Attorney's Office that is coordinating the response to Plaintiff's subpoena. In this instance that

# 213961 MWO
011056-0000

GALLAGHER
EVELIUS & JONES LLP
ATTORNEYS AT LAW

The Honorable Benson Everett Legg
May 5, 2003
Page -3-

office is the United States Attorney's Office for the District of Maryland, and in particular, AUSA Michael A. DiPietro, Esq.

The only other way to obtain disclosure of even some of the documents is on Mr. McCrank's consent, which it is evident he has no intention of providing. Indeed, upon information and belief, the FBI did not even disclose all of the information in its files to Mr. McCrank, at least in part due to concerns about third party privacy, as well as for the protection and preservation of information in open FBI files.

With that in mind, the Plaintiffs suggested two forms of disclosure: (1) that the entirety of all the listed FBI files from FBI Headquarters and the FBI's Baltimore and Jacksonville offices be turned over to the Court for its own in camera review; and in addition, with the Court's consent (2) that both Plaintiffs and Mr. McCrank be shown exact duplicates of what was disclosed to Mr. McCrank by the FBI pursuant to his FOIA requests so that there are no further questions about selective disclosure. In that regard, for Plaintiffs' part, the only written correspondence with the FBI and with AUSA DiPietro has already been filed with the Court, with copies provided to Mr. McCrank.

Should the Court credit Mr. McCrank's personal privacy concerns, Plaintiffs would not object to the Court altering or striking paragraph 2 from the proposed order, leaving only the Court's in camera review of the entire listed FBI files.

Sincerely,

Matthew W. Oakey

MWO:det

cc:   Donald J. McCrank (via certified mail and first-class mail)
      6F Viewridge Drive
      Baltimore, MD  21236

# 213961 MWO
011056-0000

## GALLAGHER EVELIUS & JONES LLP
ATTORNEYS AT LAW

The Honorable Benson Everett Legg
May 5, 2003
Page -4-

    Michael A. DiPietro, Esquire
    Assistant United States Attorney
    6625 United States Courthouse
    101 West Lombard Street
    Baltimore, MD  21201
    (sent along with a copy of Plaintiff Donald J. McCrank's April 29, 2003 letter)

\# 213961 MWO
011056-0000